**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ERIC JON NEES, Petitioner, vs. NEVADA ATTORNEY GENERAL, *et al.*, Respondents. | ) | 3:10-cv-00092-LRH-VPC **ORDER** |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (Docket #12).

**I. Procedural History**

On September 19, 2006, a jury found petitioner guilty of aiding and abetting in the commission of a robbery with the use of a deadly weapon. (Exhibit 37).[1] Petitioner was sentenced to 72-180 months, with a consecutive sentence of 72-180 months for the weapon enhancement. (Exhibit 42, at pp. 23-24; Exhibit 43). The judgment of conviction was filed on October 25, 2006. (Exhibit 43).

Petitioner appealed from the judgment of conviction. (Exhibit 44). Petitioner's fast track statement was filed on January 29, 2007. (Exhibit 56). On April 26, 2007, the Nevada Supreme Court entered an order affirming the conviction. (Exhibit 59). Remittitur issued on May 22, 2007. (Exhibit 60).

[1] The exhibits referenced in this order are found in the Court's record at Docket #13-19.

Petitioner filed a post-conviction habeas petition and memorandum in state district court on February 15, 2008. (Exhibits 65 & 66). Following the appointment of counsel, a supplemental petition was filed on April 8, 2008, raising additional claims. (Exhibit 70). On September 17, 2008, the state district court denied the habeas petition. (Exhibit 75). Petitioner appealed. (Exhibits 77 & 79). Petitioner's fast track statement was filed on December 30, 2008. (Exhibit 88). On February 3, 2010, the Nevada Supreme Court entered an order affirming the denial of the state habeas petition. (Exhibit 92). Remittitur issued on March 2, 2010. (Exhibit 93).

Petitioner dispatched his federal habeas petition to this Court on February 10, 2010. (Petition, Exhibit #5, at p. 1). Respondents seek dismissal of the petition on grounds that petitioner failed to exhaust his claims in the Nevada Supreme Court. (Docket #12).

## II. Discussion

### A. Exhaustion Standards

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195

F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**B. Petition in the Instant Case**

**Grounds 1-5**

In Grounds 1-5 of the federal habeas petition, petitioner attaches pages from his state habeas petition that was filed in the state district court. (Federal Petition, Docket #5, at pp. 3-43; State Habeas Petition, Exhibit 66). In Ground 1, petitioner alleges that trial counsel was ineffective for failing to investigate and advise him regarding his right to testify at the trial. Petitioner alleges that counsel was ineffective for attempting to coerce him into pleading guilty, failing to file pretrial motions, failing to research the duress defense, failing to interview witnesses for the duress defense, failing to interview the victim, failing to provide him with investigation results, and failing to depose possible defense witnesses. (Docket #5).

In Ground 2, petitioner alleges that trial counsel was ineffective for failing to conduct adequate investigation regarding his defense in preparation for trial. In Ground 3, petitioner alleges that appellate counsel was ineffective for failing to communicate the process with him and failing to raise meritorious issues in the Nevada Supreme Court on direct appeal. In Ground 4, petitioner alleges that the trial court erred in allowing res gestae evidence which permitted the admission of

bad character evidence to be presented to the jury. In Ground 5, petitioner alleges a violation of equal protection and the Eighth Amendment, arguing that the jury's acquittal on the conspiracy charge demonstrates there was no basis for the intent element in the aiding and abetting a robbery conviction. (Docket #5).

The claims raised in Grounds 1 through 5 of the federal habeas petition were raised in petitioner's state habeas petition filed in state district court. (Exhibits 65 & 66). Nees did not, however, present these claims to the Nevada Supreme Court. In the fast track statement filed with the Nevada Supreme Court, petitioner's counsel refers to the same claims presented in Grounds 1 through 5, which were presented in the original state habeas petition, but specifically the fast track statement specifically states: "However, these grounds are not presented within this appeal." (Exhibit 88, at p. 6).

In his opposition, petitioner argues that respondents omitted documents that would prove he exhausted Grounds 1 through 5 in the Nevada Supreme Court. (Opposition, Docket #25, at pp. 4-5). Petitioner attaches to his opposition a document entitled "Appellant's Proper Person Motion for Leave to Include Omitted Constitutional Grounds of Habeas Denial for Appellate Review and Exhaustion Purposes." (Exhibit B to Docket #25). The Nevada Supreme Court docket reflects receipt of a document entitled "Appellant's Proper Person Motion for Leave to Include Omitted Constitutional Grounds of Habeas Denial for Appellate Review and Exhaustion Purposes." (NVSC Docket Sheet, at Exhibit 83, at 2/5/09). On February 20, 2009, the Nevada Supreme Court ordered that document unfiled, because petitioner was represented by counsel and had not been granted permission to file documents in proper person. (Docket #90). Petitioner also asserts that he exhausted his claims in "Appellant's Proper Person Notice on the Constitutional Question of NRAP 46(b)," attached to which was "Appellant's Proper Person Motion for Leave to Include Omitted Constitutional Grounds of Habeas Denial for Appellate Review and Exhaustion Purposes," the document that the Nevada Supreme Court had specifically ordered unfiled and returned to petitioner. (Opposition, Docket #25, at pp. 5-6; Exhibit 91). These documents do not render Grounds 1 through 5 exhausted, because, as noted above, the Nevada Supreme Court returned, unfiled, the proper

person documents filed by petitioner in his appeal. (Exhibit 90). Petitioner concedes that the Nevada Supreme Court did not recognize his proper person pleadings. (Opposition, Docket #25, at p. 10). Grounds 1 through 5 of the federal petition are unexhausted.

**Ground 6**

In Ground 6 of the federal petition, petitioner alleges that he received ineffective assistance of counsel in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process, effective assistance of counsel, and equal protection. (Docket #5, at p. 44). Petitioner attaches pages from his supplemental state habeas petition filed in the state district court. (Docket #5, at pp. 45-47; Exhibit 70). Petitioner alleges that his counsel was ineffective for failing to have petitioner testify on his own behalf during the jury trial. Petitioner alleges that it would have been advantageous for him to testify, because he could have testified that he was acting under duress in taking the victim's wallet, because the gunman forced him to do so. (Docket #5, at pp. 44-47).

The Sixth Amendment ineffective assistance of counsel claim was raised in petitioner's fast track statement, on appeal to the Nevada Supreme Court from the denial of his state habeas petition. (Exhibit 88). However, petitioner did not present claims of Fourth Amendment, equal protection, or due process violation to the Nevada Supreme Court in relation to the facts of Ground 6. The portion of Ground 6 alleging a Sixth Amendment claim of ineffective assistance of counsel, based on trial counsel's failure to have petitioner testify on his own behalf during the jury trial, is exhausted.[2] The remainder of Ground 6 is not exhausted.

**Ground 7**

In Ground 7, petitioner alleges violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process, effective assistance of counsel, and equal protection. (Docket #5, at p. 49). Petitioner bases Ground 7 on attached pages from the supplemental state habeas petition, which was filed in state district court. (Docket #5, at pp. 50-52; Exhibit 70). Petitioner alleges that

---

[2] Respondents further argue that petitioner's federal claim raises new factual allegations that render Ground 6 unexhausted. The Court has considered this argument but does not deem any additional factual allegations in the federal petition to alter the operative facts and legal theory upon which the ineffective assistance of counsel claim is based. *See Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994)

trial counsel was ineffective for failing to adequately communicate with petitioner as to the theory of the defense. Petitioner also alleges that he was not satisfied with his representation, and wrote letters to trial counsel informing counsel that he wanted representation by other counsel. Petitioner alleges that in spite of this, counsel failed to communicate with him.

In petitioner's fast track statement on appeal to the Nevada Supreme Court following the denial of his state habeas petition, petitioner raised a Sixth Amendment claim of ineffective assistance of counsel, based on trial counsel's failure to communicate with petitioner. (Exhibit 88). However, petitioner did not present claims of Fourth Amendment violation, equal protection, or due process violation to the Nevada Supreme Court in relation to the facts of Ground 7. As such, the portion of Ground 7 alleging a Sixth Amendment claim of ineffective assistance of counsel, based on trial counsel's failure to communicate with petitioner, is exhausted. The remainder of Ground 7 is not exhausted.

**Ground 8**

In Ground 8, petitioner attaches pages from his fast track statement on direct appeal. (Docket #5; Exhibit 56). Petitioner marked through many lines and added his own comments to the pages of the fast track statement. (Docket #5, at pp. 55-59). Petitioner crossed out lines 24-26 on page 5 of the fast track statement. (Docket #5, at p. 57). Petitioner also crossed out lines 4-7 and lines 9-23 on page 6 of the fast track statement. (Docket #5, at p. 58). At page 6 of the fast track statement, petitioner adds the words: "This is an actual innocence claim." (Docket #5, at p. 58). While the fast track statement argues that there was insufficient evidence to convict petitioner of aiding and abetting in the commission of a robbery, the federal habeas petition asserts a claim of "actual innocence." A sufficiency of the evidence claim is cognizable in federal habeas corpus pursuant to *Jackson v. Virginia*, 443, U.S. 307, 319 (1979). A sufficiency of the evidence claim asks whether any rational trier of fact could have found the petitioner guilty beyond a reasonable doubt. *Id.* There is no freestanding claim of "actual innocence" in federal habeas corpus law. *Herrera v. Collins*, 506 U.S. 390 (1993). Petitioner's hand-written additions and deletions from the fast track

statement alter the legal claim that was presented to the Nevada Supreme Court, rendering Ground 8 unexhausted.

**Ground 9**

As a basis for Ground 9, petitioner attaches pages from the fast track statement on direct appeal to the Nevada Supreme Court. (Docket #5; Exhibit 56). Petitioner alleges that the weapons enhancement was not properly applied and was a violation of his Fifth, Eighth, and Fourteenth Amendment rights. (Docket #5, at p. 61). Petitioner failed to raise the issues presented in Ground 9 as an issue of federal constitutional law in the Nevada Supreme Court. (Exhibit 56). Petitioner made no reference to any of the federal constitutional protections he now alleges in Ground 9 of the federal habeas petition. The cases cited on direct appeal in the fast track statement fail (which forms the basis of Ground 9) failed to raise the federal questions in the Nevada Supreme Court that petitioner asserts in the federal habeas petition. As such, Ground 9 is unexhausted.

**Ground 10**

Petitioner alleges that he never waived the right to receive a preliminary hearing within fifteen days, instead of receiving the hearing on the sixteenth day. Petitioner attaches pages from his pro per motion to dismiss filed in justice court. (Docket 5, at pp. 66-74; Exhibit 6). This claim was not presented to the Nevada Supreme Court. In his opposition, petitioner argues the merits of the claim and further argues that this Court should not apply bars to jurisdictional claims of relief. (Opposition, Docket #25, at pp. 6-7). Petitioner has not provided this Court with any proof that the claim made in Ground 10 was presented to the Nevada Supreme Court. Ground 10 of the federal petition is unexhausted.

**C. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that all claims in the petition, except the ineffective assistance of counsel claims in Grounds 6 and 7, are unexhausted. Because the Court

finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #12) the petition is **GRANTED in part, and DENIED in part**, as follows:

1. The ineffective assistance of counsel claim in Ground 6, alleging that counsel failed to allow petitioner testify on his own behalf during the jury trial, is exhausted.

2. The ineffective assistance of counsel claim in Ground 7, alleging that counsel failed to adequately communicate with petitioner, is exhausted.

3. The remainder of the petition is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without

prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 4th day of February, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE