1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIC JON NEES,                         )
                                       )
                    Petitioner,        )          3:10-cv-00092-LRH-VPC
                                       )
vs.                                    )          **ORDER**
                                       )
NEVADA ATTORNEY GENERAL, *et al.*,     )
                                       )
                    Respondents.       )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is petitioner's motion for a stay and abeyance. (ECF No. 50).

**I. Background**

This Court received petitioner's federal habeas petition on February 16, 2010. (ECF No. 1). On March 26, 2010, the Court directed the petition to be filed and directed the respondents to file a response to the petition. (ECF No. 4). On June 8, 2010, respondents filed a motion to dismiss the petition. (ECF No. 12). On February 4, 2011, the Court granted in part, and denied in part, the motion to dismiss. (ECF No. 28). The Court made these findings: (1) that the ineffective assistance claim in Ground 6, alleging that counsel failed to allow petitioner to testify on his own behalf during jury trial, is exhausted; (2) that the ineffective assistance claim in Ground 7, alleging that counsel failed to adequately communicate with petition, is exhausted; and (3) that the remainder of the petition is unexhausted. (ECF No. 28). Because this rendered the petition a "mixed petition," the Court gave petitioner 30 days to do one of the following: (1) inform this Court in a sworn declaration

that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal

habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn

declaration that he wishes to dismiss this petition without prejudice in order to return to state court to

exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to

hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted

claims.  (ECF No. 28, at pp. 8-9).  Instead of choosing one of these options, petitioner filed a

successive motion for the appointment of counsel, which the Court denied.  (ECF Nos. 30 & 44).

Petitioner also filed a motion for leave to file an amended petition, which the Court granted.  (ECF

Nos. 40 & 44).  Pursuant to this Court's order of July 22, 2011 (ECF No. 44), the Clerk of Court

filed petitioner's amended petition on July 25, 2011.  (ECF No. 45).

**II.  Petitioner's Motion for Stay and Abeyance (ECF No. 50)**

Petitioner has filed a motion for a stay and abeyance to return to state court for the purpose of

exhausting currently unexhausted claims.  (ECF No. 50).  Respondents oppose petitioner's motion.

(ECF No. 51).  Petitioner seeks to exhaust Ground 3(b) of the amended petition in which he alleges

that there was no conspiracy or plan to commit robbery, that petitioner had no knowledge that the co-

defendant had a weapon, and once the co-defendant pulled the weapon, the co-defendant committed

the robbery on the victim and forced Nees to help him.  (ECF No. 50, at p. 2).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the

discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The

*Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because
> granting a stay effectively excuses a petitioner's failure to present his claims first to
> the state courts, stay and abeyance is only appropriate when the district court
> determines there was good cause for the petitioner's failure to exhaust his claims
> first in state court.  Moreover, even if a petitioner had good cause for that failure,
> the district court would abuse its discretion if it were to grant him a stay when his
> unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An
> application for a writ of habeas corpus may be denied on the merits,
> notwithstanding the failure of the applicant to exhaust the remedies available in the
> courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of

discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner

1  had good cause for his failure to exhaust, his unexhausted claims are potentially

2  meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

3  litigation tactics." *Id.* at 278.

4          The Ninth Circuit has held that the application of an "extraordinary circumstances"

5  standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v.*

6  *Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest

7  possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*,

8  at least in this Circuit, should not be so strict a standard as to require a showing of some

9  extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F.

10  Supp. 2d 1207, 1210 (D. Nev. 2006). In *Riner*, this Court held:

11          [T]he good cause standard applicable in consideration of a request for stay
            and abeyance of a federal habeas petition requires the petitioner to show that
12          he was prevented from raising the claim, either by his own ignorance or
            confusion about the law or the status of the case, or by circumstances over
13          which he had little or no control, such as the actions of counsel either in
            contravention of petitioner's clearly expressed desire to raise the claim or
14          when petitioner had no knowledge of the claim's existence.

15  *Riner v. Crawford*, 415 F. Supp. 2d at 1211.

16          In the instant case, this Court finds that petitioner has demonstrated good cause

17  under *Rhines* for the failure to exhaust certain grounds of his federal habeas petition.

18  Further, the grounds are not "plainly meritless" under the second prong of the *Rhines* test.

19  Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This

20  Court concludes that petitioner has satisfied the criteria for a stay under *Rhines*.

21  Additionally, as a condition of the stay, petitioner shall exhaust all of his unexhausted

22  claims in state court during the stay of this action. *See Slack v. McDaniel*, 529 U.S. 473,

23  489 (2000). The Court will not allow petitioner to return again to state court for exhaustion

24  purposes. When petitioner returns to this Court to lift the stay, he shall present only

25  exhausted claims. If petitioner returns with a mixed petition, he will have the opportunity

26  to abandon the unexhausted claims and proceed with exhausted claims only.

27  ///

28  ///

3

**III.  Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion for issuance of stay and abeyance (ECF No. 50) is **GRANTED.**

IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims.  Petitioner may move to reopen the matter following exhaustion of the claims.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within **forty-five (45) days** from the entry of this order and returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that as a condition of the stay, petitioner shall exhaust all of his unexhausted claims in state court during the stay of this action.

IT IS FURTHER ORDERED that the Clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the Court grants a motion to reopen the matter.**

Dated this 23rd day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4