UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ERIC JOHN NEES,

Petitioner,

v.

GREGORY SMITH, *et al.*,

Respondents.

Case No. 3:10-cv-00092-MMD-VPC

ORDER

**I. SUMMARY**

This *pro se* habeas matter comes before the Court on the respondents' revised motion to dismiss petitioner's first amended petition. (ECF No. 67.) Petitioner has responded (ECF No. 69), and respondents have replied (ECF No. 70.)

**II. BACKGROUND**

In this action, petitioner challenges his conviction for aiding and abetting the commission of robbery with the use of a deadly weapon. (ECF No. 45 at 1). The amended petition, which is the operative petition in this case, was received and filed by the Court on July 25, 2011. (ECF No. 45.) Petitioner asserts three grounds for relief in his amended petition. In an answer filed on September 9, 2011, respondents argued that parts of all three grounds were unexhausted. (ECF No. 48.) Petitioner responded by abandoning the parts of Grounds 1 and 2 that were unexhausted and filing a motion to stay and abey to exhaust the unexhausted parts of Ground 3. (*See* ECF No. 49; ECF No. 50 at 2.) The Court granted the stay and administratively closed the case. (ECF No. 54.)

Petitioner returned to state court and filed a second state habeas petition. The petition asserted that the deadly weapon enhancement violated his Fifth and Fourteenth Amendment rights and that counsel on direct appeal and post-conviction were ineffective

for failing to raise the deadly weapon enhancement argument as a federal claim. (Exhibit 101.)[1] The Nevada Court of Appeals affirmed the denial of the petition on the grounds that it was untimely, successive, and an abuse of the writ. (Exhibit 116.) Following the Court of Appeals' decision, petitioner filed a motion to reopen this action, which the Court granted. (ECF Nos. 56, 62 & 65.) Respondents thereafter filed the instant revised motion to dismiss.

## III. DISCUSSION

In their motion to dismiss, respondents contend that parts of Ground 3 remain unexhausted. Ground 3 comprises two claims: (1) Ground 3(a), which asserts that the evidence was insufficient to convict petitioner of aiding and abetting robbery; and (2) Ground 3(b), which asserts that application of the deadly weapon enhancement was improper. Both allege that petitioner's Fifth, Eighth, and Fourteenth Amendment rights were violated. (ECF No. 45 at 8-11.)

Respondents argue that petitioner never presented Ground 3(a) or Ground 3(b) to the state courts in the context of either an Eighth Amendment violation or a violation of his right to be free of cruel and unusual punishment.[2] In his reply, petitioner concedes that Grounds 3(a) and 3(b) are unexhausted to the extent they allege an Eighth Amendment violation. Petitioner therefore abandons the Eighth Amendment claims asserted in Grounds 3(a) and 3(b). (ECF No. 69 at 2-3.) In light of petitioner's concession, the motion to dismiss Ground 3(a) and Ground 3(b) to the extent they assert violations of the Eighth Amendment will be granted.

Respondents also move to dismiss the remainder of Ground 3(b) as procedurally defaulted because the petition in which petitioner exhausted that claim was denied on the basis of independent and adequate state procedural bars. Ground 3(b) was alleged as Ground 9 in petitioner's original petition. The Court previously held that Ground 9 was not

---

[1] The exhibits referenced in this order, which comprise the state court record in this case, can be located at ECF Nos. 13-19 & 68.

[2] Respondents do not argue that Ground 3 is unexhausted insofar as it alleges violations of petitioner's Fifth and Fourteenth Amendment rights.

2

exhausted because although petitioner challenged the enhancement in his direct appeal, he did not challenge it as a violation of federal law. (ECF No. 28 at 7.) In his return to state court with his second habeas petition, petitioner asserted that the enhancement violated his Fifth and Fourteenth Amendment rights. (Exhibit 101).

The Court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

The Nevada Court of Appeals affirmed the trial court's denial of the second habeas petition on the grounds that it was procedurally barred as untimely, successive, and an abuse of the writ. (Exhibit 116; NRS §§ 34.726 & 34.810(1)(b)(2) & (2).) The Ninth Circuit has held that application of the timeliness rule in NRS § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the successive petition rule of NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). The Nevada court's decision in this case did not depend on the application of federal law in deciding that the claim was procedurally

3

defaulted. Accordingly, the state court relied on independent and adequate state law grounds in dismissing petitioner's second state habeas petition as untimely, successive, and an abuse of the writ.

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner argues that ineffective assistance of counsel on direct appeal and in his post-conviction proceedings provides cause for the default. (ECF No. 69 at 4-6.)

To the extent petitioner argues cause based on the ineffective assistance of post-conviction counsel, the argument is unavailing. First, attorney error cannot provide cause for a procedural default if a petitioner had no constitutional right to counsel in a proceeding in which the default occurred, and there is no constitutional right to counsel in state post-conviction proceedings. *Coleman*, 501 U.S. at 752-54; *Smith v. Baldwin*, 510 F.3d 1127, 1146-47 (9th Cir. 2007). Second, although the Supreme Court created an exception to this rule in *Martinez v. Ryan*, 566 U.S. 1 (2012), the exception is narrow. *Martinez* provides that, in some cases, a petitioner can establish cause for a procedural default if his or her post-conviction counsel provided ineffective assistance by failing to raise a

4

1 substantial claim of ineffective assistance of trial counsel in initial-review collateral
2 proceedings. *Id.* at 16, 17. *Martinez* does not supply cause to excuse the procedural
3 default of a substantive claim of trial court error. *See id.* Ground 3(b) is not a claim of
4 ineffective assistance of trial counsel and is instead a claim that the trial court erred in
5 applying the deadly weapon enhancement. The ineffective assistance of post-conviction
6 counsel therefore cannot supply petitioner cause for the default of Ground 3(b).

As to petitioner's assertion that ineffective assistance of counsel on direct appeal provides cause for the default, such claim must have itself been exhausted in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014). Petitioner's second habeas petition did exhaust a claim that his appellate counsel was ineffective for failing to properly raise the allegations in Ground 3(b) on direct appeal. However, while exhausted, the claim — raised in the second state habeas petition — is also procedurally defaulted. A procedurally defaulted ineffective assistance of counsel claim cannot supply cause for a procedural default unless the petitioner can demonstrate cause and prejudice for the default of the ineffective assistance of counsel claim. *See Edwards*, 529 U.S. at 453. The briefs do not sufficiently address the cause and prejudice issue with respect to the default of the ineffective assistance of counsel claim. The Court therefore defers its determination as to whether petitioner can excuse the procedural default of Ground 3(b) until the time of its merits decision. The motion to dismiss Ground 3(b) as procedurally defaulted will therefore be denied without prejudice to renew as a procedural defense in the respondents' answer.

**IV. CONCLUSION**

For the foregoing reasons, it is therefore ordered that respondents' revised motion to dismiss (ECF No. 67) is granted in part and denied in part. The motion to dismiss Grounds 3(a) and 3(b) insofar as they allege violations of the Eighth Amendment is granted, and the Eighth Amendment claims asserted in Grounds 3(a) and 3(b) are hereby dismissed. The motion to dismiss Ground 3(b) as procedurally defaulted is denied without prejudice.

It is further ordered that respondents file an amended answer to all remaining claims in the amended petition within thirty (30) days of the date of this order. The answer must include substantive arguments on the merits as to each remaining ground in the petition, as well as any procedural defenses which may be applicable. In filing the amended answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED THIS 6th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE